**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.                                                    No. 99-2337

WILLIS JEFFREY KELLY,

Defendant-Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CIV-99-1048-MV/RLP)**

---

Submitted on the briefs:    *

Norman C. Bay, United States Attorney, and Robert D. Kimball, Assistant U.S. Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

Willis Jeffrey Kelly, pro se.

---

Before **TACHA** , **EBEL** and **BRISCOE** , Circuit Judges.

---

\*     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

**TACHA** , Circuit Judge.

_____

Following this court's affirmance of his conviction and sentence on direct appeal, defendant Willis Jeffrey Kelly filed a motion seeking relief under Fed. R. Crim. P. 32 and 35. The district court sua sponte recharacterized the motion as one challenging the convictions and sentence under 28 U.S.C. § 2255 and denied relief. Because of the implications of the court's action on the prohibition against successive § 2255 motions, we conclude the court should have first given Kelly notice of its intent to recharacterize his motion and an opportunity to withdraw or supplement it. Since the court did not provide Kelly with this opportunity, we vacate the order dismissing the case and remand.

**I.**

Kelly was convicted of burglary of a credit union and attempted escape from a federal holding facility and was sentenced to serve sixty months in prison and ordered to pay restitution. His counsel perfected an appeal, but decided the appeal was frivolous and filed a brief pursuant to _Anders v. California_ , 386 U.S. 738 (1967). Kelly did not file a separate brief, and this court affirmed the convictions and sentence. _See_ _United States v. Kelly_ , No. 98-2339, 1999 WL 339692 (10th Cir. May 28, 1999).

-2-

Several months after our decision on appeal, Kelly filed a pro se "Motion to Correct the Presentence Investigation Report And to Correct or Reduce Sentence," stating that he was seeking relief pursuant to Fed. R. Crim. P. 32(c)(3)(D) and 35(a) and (b). [1] In his motion, Kelly challenged a number of factual statements in the presentence report and contended he should be resentenced within the range of thirty-three to forty-one months. The government responded by contending that Kelly's claims were irrelevant or had been waived and that his motion should be summarily denied. In its memorandum opinion and order, the district court noted that Kelly filed his motion under Rules 32 and 35, but stated that the motion "was treated administratively as a motion under 28 U.S.C. § 2255." R. Doc. 4 at 1. The court found that Kelly's allegations did not invoke the provisions of either Rule 32 or 35 allowing for modification of a sentence, and that there was no reason to correct the presentence report under Rule 32. It therefore denied the motion and dismissed the case.

---

[1] We assume Kelly's Rule 32 citation refers to what is now Rule 32(c)(1), which superceded Rule 32(c)(3)(d). Rule 32(c)(1) allows defendants to comment on the presentence report and requires the district court to rule on any unresolved objections to the report. Rule 35(a) pertains to the district court's corrections of a sentence on remand following appeal, and Rule 35(b) refers to reduction of a sentence for substantial assistance to the government.

On the same day the district court dismissed the case, Kelly filed a memorandum in support of his motion claiming that, in addition to the presentence report allegedly being inaccurate, his counsel had been ineffective for not challenging his classification as a career offender and he should not have been ordered to pay restitution. The district court never addressed either of these claims.

In his opening brief on appeal, Kelly contends only that the district court erred in recharacterizing his motion as one under § 2255. In his reply brief, he argues that he was denied his Sixth Amendment right to the effective assistance of counsel at trial, at sentencing and on direct appeal. He has also filed a motion to supplement his opening brief in which he asserts a variety of other claims. In this motion, he explains that he "must now bring all his claims on this Appeal" due to the fact that his "time to file a petition under 28 U.S.C. § 2255 . . . has now passed," and "it would not be possible for Appellant to bring a Second petition being that the District Court claims Appellant has already filed one." Motion to file supplement to opening brief at 4.

## II.

Our primary concern is with the claim Kelly asserts in his opening brief--the district court should not have characterized his post-judgment motion as one under § 2255. Kelly does not challenge the denial of his motion on the

merits. [2] Rather, he is concerned that by construing his filing as a § 2255 motion, the district court has effectively barred him from filing another § 2255 motion asserting additional claims because such a motion would be deemed successive. It is evident from the memorandum brief filed in the district court, as well as the reply brief and motion to supplement the opening brief on appeal, that Kelly planned to assert claims challenging his convictions and sentence in addition to those contained in his Rule 32 and 35 motion.

Before addressing Kelly's concern, we consider and reject two related contentions raised by the government. First, the government implies the district court's statement that it treated Kelly's motion "administratively" as a § 2255 motion does not mean it formally recharacterized the motion. Were this the only evidence of the recharacterization, we might wonder more about the effect of the court's statement. However, the court's docket sheet classifies the motion as one under § 2255, and even more telling, the court denied Kelly a certificate of appealability, which is necessary only to prosecute a § 2255 appeal. *See*

---

[2] The district court correctly found that Kelly was not entitled to relief under either Rule 32 or Rule 35. Rule 32(c)(1) does not allow a sentencing court to consider post-judgment challenges to the presentence report. *See United States v. Warner*, 23 F.3d 287, 289-90 (10th Cir. 1994). Rule 35 is not applicable because his sentence was not found on appeal to be illegal, *see* Rule 35(a), and because the government has not moved for a sentence reduction due to his assistance, *see* Rule 35(b). *See also United States v. Smartt*, 129 F.3d 539, 540-42 (10th Cir. 1997) (discussing limited circumstances in which sentencing court may modify prison term once imposed).

§ 2253(c)(1)(B). [3] Second, the government contends Kelly's claim that the court incorrectly recharacterized his motion is premature because Kelly has suffered no harm from the court's action. Kelly's filings in the district court and on appeal indicate that he intends to file a § 2255 motion, and as it now stands, he would have to ask this court for permission to file a successive motion. *See* § 2255, paragraph 8. As discussed below, that request would almost certainly be denied. We thus conclude it is appropriate to address the issue now.

Federal prisoners are barred from attacking their federal convictions through second or successive § 2255 motions except in very limited circumstances. *See id.*; *Coleman v. United States*, 106 F.3d 339, 340, 341 (10th Cir. 1997). A successive § 2255 motion is one that "(1) successively repeats claims previously decided on the merits, or (2) abusively asserts new ground unjustifiably omitted from a prior petition." *Reeves v. Little*, 120 F.3d 1136, 1138 (10th Cir. 1997) (addressing identical successiveness rule applicable to petitions filed under § 2254) (quotation omitted). Thus, to avoid having claims barred as successive, federal prisoners seeking relief under § 2255 generally must marshal all of their claims into one collateral attack on their conviction and sentence. Kelly's concern with the district court's action is therefore real--by

---

[3] The court apparently construed Kelly's notice of appeal as a request for a certificate of appealability, since Kelly did not specifically request a certificate.

sua sponte treating his motion as one under § 2255, the court essentially used up Kelly's one shot at attacking his convictions and sentence.

Addressing similar recharacterization situations, the Second and Third Circuits have held that district courts should not automatically treat motions made under some other rule as § 2255 motions. *United States v. Miller*, 197 F.3d 644, 651-52 (3d Cir. 1999); *Adams v. United States*, 155 F.3d 582, 583-84 (2d Cir. 1998); *see O'Connor v. United States*, 133 F.3d 548, 551 (7th Cir. 1998) (holding that district court should delay adjudicating Rule 33 motion if prisoner intends to file § 2255 motion so that all issues may be considered together); *but see In re Tolliver*, 97 F.3d 89, 90 (5th Cir. 1996) (affirming district court's treatment, over prisoner's objections, of motion to dismiss conviction as § 2255 motion, on basis that it could not be anything else). Instead, the Second and Third Circuits require district courts to ensure that pro se prisoners agree to recharacterization of post-conviction motions the courts intend to treat as § 2255 motions. *Miller*, 197 F.3d at 652; *Adams*, 155 F.3d at 584. In a similar vein, we have declined to construe a pro se Rule 32 motion as a § 2255 motion where it was clear the defendant did not intend his motion to be so construed, largely out of concern that a subsequent § 2255 motion would be considered successive. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) ("[T]he subsequent § 2255 motion also shows his intent that the previous Rule 32 motion not be construed as a § 2255

motion because if it was so construed, the latter petition raising new issues attacking the sentence would be subject to challenge as successive."). [4]

We generally agree with the approach taken by the Second and Third Circuits, and we hold that district courts should use the procedure adopted in *Adams* for dealing with pro se post-conviction motions not expressly made under § 2255:

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams*, 155 F.3d at 584.

### III.

We do not question the district court's determination that Kelly's motion was most appropriately viewed as a § 2255 motion. As noted above, Rules 32 and 35 do not provide the type of relief Kelly sought at the time he filed his

---

[4] *Miller* and *Adams* indicate that the concern about sua sponte recharacterization was brought on by the provisions of the Antiterrorism and Effective Death Penalty Act generally prohibiting successive petitions. *Miller*, 197 F.3d at 649; *Adams*, 155 F.3d at 583-84. As *Warner* illustrates, however, successiveness concerns predate AEDPA, which essentially codified the successiveness rule. *See, e.g.*, *In re Taylor*, 171 F.3d 185, 187 (4th Cir. 1999); *Reeves*, 120 F.3d at 1138-39.

motion, and he did seek to reduce his sentence, which is typical § 2255 relief. However, because the district court did not take any steps to determine whether Kelly agreed to its treatment of his motion, and because he, in fact, disagreed with its treatment, we will vacate the court's order denying the motion and remand the case so that Kelly may make all of his collateral arguments in a single § 2255 motion.

In anticipation of Kelly filing a § 2255 motion, we recognize that the one-year statute of limitations imposed by AEDPA ordinarily would bar the motion at this point. *See* § 2255, paragraph 6. At the time of the district court's ruling, Kelly had several months remaining in which to file a timely § 2255 motion, and it was the court's unilateral action that essentially prevented him from doing so. Additionally, he has diligently pursued his claim since then. Consequently, out of concern for fairness, we hold that the limitations period on the filing of Kelly's § 2255 motion should be tolled from the date the district court recharacterized his motion as a § 2255 motion, on October 18, 1999, until the date of this decision. *See Miller*, 197 F.3d at 652-53; *Adams*, 155 F.3d at 584 n.2; *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (recognizing that AEDPA limitations period is not jurisdictional and is subject to equitable tolling).

Kelly's application for leave to proceed in forma pauperis is GRANTED. The district court's order denying Kelly's motion is VACATED, and the case

is REMANDED to the district court for further proceedings consistent with this opinion. The motion to supplement the opening brief is DENIED as moot.