**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 17 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

KENNETH ALAN LOWE,

      Defendant-Appellant.

No. 00-5229
(D.C. No. 93-CR-186-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

---

Defendant-Appellant Kenneth Alan Lowe ("Lowe") filed a motion entitled "Petition for a Writ of Coram Nobis Based Upon Newly Discovered Evidence" ("Petition") on August 29, 2000.[1]  (See generally Doc. 52.)  In his Petition, Lowe

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] A petition for a writ of coram nobis is designed "to bring attention of court to, and obtain relief from, errors of fact, such as a valid defense existing in facts of case, but which, without negligence on defendant's part, was not made, either through duress or fraud or excusable mistake, where facts did not appear on

(continued...)

asserted that the judge who sentenced him to a total of 204 months of incarceration on his federal convictions for interstate transportation of stolen property and armed robbery,[2] the Honorable Thomas R. Brett, should have recused himself from the proceedings due to his personal relationship with one of Lowe's victims. (See Doc. 52 at 2 (citing 28 U.S.C. §455(a)[3]).) In his Petition, Lowe asserted that "[t]he victim in [his] case, Donne Pitman, was personal friends

---

[1](...continued)
the face of record, and were such as, if known in season, would have prevented rendition of the judgment questioned." Black's Law Dictionary 304-05 (5th ed. 1979) (citing People v. Tuthill, 198 P.2d 505, 506 (Cal. 1948)).

[2] Lowe pled guilty to both charges pursuant to a plea agreement wherein the government agreed to dismiss the remaining five charges with which Lowe had been indicted in exchange for his guilty plea. (See Doc. 53 at 3.) A comprehensive recitation of the facts underlying Lowe's convictions and sentence is provided in United States v. Lowe, 106 F.3d 1498, 1499-1501 (10th Cir. 1997). Relevant to Lowe's Petition are the following five facts regarding the district court's sentencing of Lowe: (1) based upon his offense level and criminal history category, Lowe's sentencing range under the guidelines was 155 to 188 months; (2) the district court departed upward from the guidelines and imposed a sentence of 237 months on one count and 60 months on the other, with both sentences to run concurrently; (3) that sentence was later reduced (after remand by this court) to 228 months on one count and 60 months on the other count, with both sentences to run concurrently; (4) the ultimate calculation of 228 months on one count was based upon a guideline range of 188 to 235 months, which was arrived at by the district court by incrementally departing upward from the original guideline range due to Lowe's extensive criminal history; and (5) the 228 month sentence was further reduced to 204 months on March 8, 1996, on the government's motion for a downward departure or reduction in sentence based upon Lowe's substantial assistance to the government.

[3] 28 U.S.C. §455(a) states: "Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

with the sentencing judge, and had discussed the case with him, and gave his opinions and attitudes regarding those facts." (See Doc. 52 at 2.) He further alleged that Judge Brett "was a close and long time personal friend of the victim," and that this information was not disclosed by Judge Brett at any point in Lowe's criminal proceedings. (See id.) In support of these assertions, Lowe attached to his Petition a sworn affidavit, signed by him, claiming that Lowe's cousin Glen Shepard had informed Lowe that the sentencing judge was "best friends and long time golfing buddies" with one of Lowe's victims, and that Judge Brett, his wife, and the victim's wife had all discussed how they "were all very angry towards [Lowe] and . . . [Lowe's] criminal history and how much time [Lowe was] going to get." (See Doc. 52, attachment A.) The affidavit also asserted that Lowe had learned from Shepard that "[t]he [victim's] 12-year old daughter was having a birthday party in the basement when the robbery occurred and it was possible that one of the friends attending the party was a member of [Judge Brett's] family." (See id.) Lowe included in the affidavit a statement from Shepard that, in his opinion, the personal relationship between Judge Brett and one of Lowe's victims was "probably one of the reasons why Judge Brett refused to go along with the Government's recommendation of a downward departure, even though the recommendation was based strongly on [Lowe's] cooperation with the

government."[4]  (Id.)  Finally, the affidavit stated that Lowe was not apprized of this information until August 7, 2000, the date when Lowe was first able to speak to Shepard following Lowe's arrest.  (See id.)

Judge Brett, in addition to being the sentencing judge in the initial criminal prosecution, presided over the adjudication of Lowe's Petition.  In an order dated September 29, 2000, one month after the Petition was filed and prior to any responsive pleading from the government, Judge Brett denied the Petition on what appear to be two separate grounds.  (See generally Doc. 53.)  First, he found that a writ of coram nobis "is an extraordinary remedy available [only] to a petitioner no longer in custody."  (See id. at 1 (citing inter alia United States v. Morgan, 346 U.S. 502, 511 (1954); Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989)).)  Because Lowe is currently incarcerated, Judge Brett found that relief in the form of a writ of coram nobis was unavailable to Lowe, and thus that Lowe's Petition should summarily be denied.  (See id. at 1-2.)  Judge Brett nevertheless addressed Lowe's factual contentions on their merits, stating:

> To the [Petition] Lowe attaches a hearsay affidavit signed by him referring to a conversation with his cousin of Tulsa, Oklahoma named Glen Shepard.  In the affidavit Lowe states Shepard informed

---

[4]  It appears from the record that Judge Brett did go along with the government's motion for a downward departure or reduction in sentence based upon Lowe's substantial assistance to the government, in that he decreased Lowe's sentence on one count from 228 months to 204 months upon the government's motion.  (See Doc. 53 at 4; Doc. 43.)

him the victim (Pitman) had privately communicated to the sentencing judge material facts about the robbery before the sentencing. This statement is not founded in fact. The sentencing judge, prior to sentencing, had no communication with the victim, Pitman, nor with any member of the Pitman family, about the facts of the Pitman armed robbery. Further, contrary to the affidavit in support of Lowe's motion, no member of the trial judge's family was in attendance at the child's birthday party Lowe states was in progress during the armed robbery of the Pitman home.

It is true the trial judge and Mr. Donne Pitman were acquainted prior to Lowe's sentencing but [they] were not close friends. No member of the Brett family has ever been in the Pitman home, nor has any member of the Pitman family been in the Brett home.

The Court's sentencing of Lowe was not due to anger, as Lowe suggests in his affidavit, but due to Lowe's guilty plea to Counts I and III and his lengthy criminal history of rapes, burglaries, and armed robberies.

(See id. at 5-6.) Lowe's motion to alter or amend judgment (see Doc. 54), filed on October 10, 2000, was denied by Judge Brett on substantially the same grounds as the initial Petition on October 24, 2000 (see Doc. 55).

Lowe then filed a request for a certificate of appealability ("COA") and for leave to proceed on appeal in forma pauperis, in which he asserted two grounds for reversal: (1) that the district court erred in failing to treat Lowe's pro se Petition as a 28 U.S.C. §2255 motion to vacate his federal sentence; and (2) that Judge Brett erred in finding no basis in 28 U.S.C. §455(a) for his recusal from Lowe's sentencing proceedings. (See Doc. 57.) Judge Brett denied Lowe's request to proceed in forma pauperis. (See Doc. 60 at 1.) Judge Brett further found that Lowe's request for COA was moot because no COA was required

- 5 -

before Lowe could appeal Judge Brett's denial of the Petition for a writ of coram nobis.[5]  (See id. at 2.)

In his brief to this court, Lowe contends that Judge Brett erred in not liberally construing his Petition as one for a writ of habeas corpus brought under 28 U.S.C. §2255.  (See Petitioner's Opening Br. at 3.)  He further asserts that Judge Brett erred both in finding no basis for recusal in the original sentencing proceedings because his relationship with one of Lowe's victims created at least the appearance of impropriety, see 28 U.S.C. §455(a) (a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned"), and in not recusing himself from deciding Lowe's Petition because of his preexisting biases against Lowe and his status as a material witness to issues raised in Lowe's Petition, see 28 U.S.C. §455(b)(1) (a judge "shall" disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding").

The first question we must address is whether the district court erred in treating Lowe's Petition as a petition for a writ of coram nobis rather than as a

---

[5]  Judge Brett also stated that, to the extent a COA was required before Lowe could proceed on appeal, a COA should be denied in this case because Lowe had not made "a substantial showing of a denial of a constitutional right." (See Doc. 60 at 2 n.1 (citing 28 U.S.C. §2253).)

petition for a writ of habeas corpus pursuant to 28 U.S.C. §2255. We have generally disfavored the recharacterization of non-§2255 motions filed by prisoners as §2255 motions, even where the prisoner may be entitled to relief under §2255 but is clearly not entitled to relief under whatever cause of action he has asserted, because of the concern that such recharacterization might inadvertently result in a waiver of the prisoner's other claims for habeas relief. Cf. United States v. Kelly, 235 F.3d 1238, 1242 (10th Cir. 2000) ("[W]e have declined to construe a pro se Rule 32 motion as a §2255 motion where it was clear the defendant did not intend his motion to be so construed, largely out of concern that a subsequent §2255 motion would be considered successive."); United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999) ("With AEDPA in place, the practice of liberally construing post-conviction motions as §2255 petitions can, in the absence of cautionary or educational measures, impair the ability of inmates to challenge their convictions on collateral review."). Accordingly, we have held:

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under §2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under §2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

<u>Kelly</u>, 235 F.3d at 1242 (quoting <u>Adams v. United States</u>, 155 F.3d 582, 584 (2d Cir. 1998)).

In this case, Lowe himself styled the Petition as one for a writ of coram nobis and never asked the district court to construe it as a petition for a writ of habeas corpus under 28 U.S.C. §2255. The district court viewed the Petition solely as one for a writ of coram nobis, and never informed Lowe of the potential adverse consequences attendant to recharacterizing the motion as one brought under §2255. Similarly, the district court never informed Lowe that his motion could properly be recharacterized as a §2255 motion, such that Lowe would have been forced to decide whether to allow the recharacterization or to withdraw the Petition rather than have it so recharacterized. Accordingly, the district court could not, under the rationale of our <u>Kelly</u> decision, have recharacterized the Petition as a petition for a writ of habeas corpus brought pursuant to §2255 and we find no error in its failure to do so.

In viewing this Petition as one for a writ of coram nobis, the district court correctly concluded that Lowe could not obtain relief through a writ of coram nobis because he is currently incarcerated. <u>See</u> <u>United States v. Castro</u>, 26 F.3d 557, 559 (5th Cir. 1994) ("The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate his conviction in circumstances where the petitioner can demonstrate that he is suffering civil

disabilities as a consequence of the criminal convictions and the challenged error is of sufficient magnitude to justify the extraordinary remedy.") (citations and quotations omitted). In addition, a writ of coram nobis generally is available only after all other remedies have been exhausted. Accord Klein, 880 F.2d at 253 ("Because the writ continues litigation after final judgment and exhaustion of other remedies, relief should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice.").

In this case, Lowe is presently incarcerated and apparently has not filed a §2255 petition for a writ of habeas corpus based upon the evidence presented in the instant Petition and accompanying affidavit. We therefore agree with the district court that Lowe is not entitled to relief in the form of a writ of coram nobis and affirm its dismissal of Lowe's Petition.

We express no opinion as to the merits of a §2255 motion, should Lowe decide to file one, based upon the facts presented in the instant Petition and accompanying affidavit.[6] We do note, however, that §2255 allows a petition for a writ of habeas corpus to be filed for up to one year after "the date on which the facts supporting the claim or claims presented could have been discovered

---

[6] In the event that Lowe decides to pursue this issue in a §2255 motion, we advise him that hearsay affidavits may be disregarded and, if Glen Shepard has first-hand information of Judge Brett's personal relationship with one of Lowe's victims, such information should be presented in an affidavit from Shepard himself.

through the exercise of due diligence." <u>See</u> 28 U.S.C. §2255, paragraph 6. Because Lowe has consistently asserted that the evidence presented in the affidavit could not have been discovered prior to August 7, 2000, he appears entitled to argue that a §2255 petition filed prior to August 6, 2001, would fall within the one-year statute of limitations applied to motions based upon newly discovered evidence. Again, we express no opinion as to the merits of that argument.

For the foregoing reasons, we AFFIRM the district court's dismissal of Lowe's Petition for a writ of coram nobis.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge