UNITED STATES of America, Respondent/Plaintiff,

v.

Avram GOTTLIEB, Petitioner/Defendant.

No. 95–40023–001–JAR.

United States District Court, D. Kansas.

Jan. 7, 2003.

Gregory G. Hough, Office of U.S. Attorney, Topeka, KS, for United States.

Avram L. Gottlieb, Terre Haute, IN, Pro se.

William K. Rork, Rork Law Office, Topeka, KS, Michael Katz, Office of Federal Public Defender, Denver, CO, Stephen W. Kessler, Topeka, KS, John J. Ambrosio, John J. Ambrosio, Chartered, Topeka, KS, for Avram Gottlieb.

### MEMORANDUM AND ORDER CONVERTING AND DENYING DEFENDANT'S MOTION

ROBINSON, District Judge.

This matter is before the Court on defendant's Motion From [sic] Relief From Judgment and Order Filed under the Constraints of Rule 60(b) (Doc. 224). The government does not intend to file a response in this matter (Doc. 227). After consideration of defendant's arguments and applicable law, the Court is prepared to rule.

Defendant brings his motion under Fed. R.Civ.P. 60(b)(5) and (6). The Court's interpretation of defendant's argument is that the

execution of his sentence consecutively with a sentence in another jurisdiction was illegal. As such, the defendant's reliance on 60(b) for relief is misplaced. Rule 60(b) provides relief from civil judgments.[1] Defendant is seeking relief directly from the sentence in his criminal case. Defendant seeks to collaterally attack his sentence; therefore, the Court will construe such an appeal as a motion under 28 U.S.C. § 2255.[2]

■ The Tenth Circuit has addressed how a court should proceed when characterizing a motion filed under other rules as a § 2255. In *United States v. Kelly*,[3] the court vacated and remanded a district court decision which interpreted a motion filed under Fed. R.Crim.P. 32 as a motion under § 2255. The court looked to other circuits in deciding whether the characterization was appropriate and what procedure a court should adopt in doing so. In *Kelly*, the defendant brought his motion before filing a petition under § 2255. Thus, if the district court characterized his motion as a § 2255, it would effectively bar that defendant from bringing other claims under a motion for relief through § 2255. The Tenth Circuit found this unacceptable where the defendant did not intend to include all of his claims in the motion to vacate and intended to later proceed with a motion under § 2255.[4] The court held that if the district court chose to characterize the motion as a § 2255 it first needed to notify the defendant to give him an opportunity to cure, either by converting it to a § 2255 to include all claims, or re-file it in a manner that it could not be characterized as a habeas. The Tenth Circuit did not disagree with the characterization of defendant's motion, as it agreed that defendant could not obtain the relief he sought by way of Rule 32. However, the court sought to prevent the defendant from losing his opportunity to bring all of his claims under § 2255.

While *Kelly* is binding precedent, it is also distinguishable. The defendant in this case does not stand to suffer any violation of due process or injustice. His judgment was final on December 17, 1998, tens days after the judgment order was entered. Defendant was represented by counsel and advised of his right to appeal his conviction and sentence. Defendant did not file a Notice of Appeal within the ten day period following judgment. To this date, defendant has not filed a direct appeal and is now time barred from doing so. Additionally, defendant has not filed a motion under § 2255. Section 2255 limits habeas motions to within one year of the date the judgment becomes final. Thus, as of December 17, 1999, defendant was time barred from filing a § 2255. Therefore, this Court's characterization of the defendant's motion under 60(b) as a § 2255 does not injure him as any claims he could have included in a § 2255 are barred by both time limitations and the lack of a direct appeal. Defendant cannot now seek to circumvent the limitations of habeas relief by disguising his motion under Rule 60(b).[5]

■ If defendant was still within the statutory time limit to file a § 2255, this Court would without question notify him of the characterization to prevent any injustice or denial of his right to appeal through habeas. However, defendant no longer has this right. Defendant could only seek relief under § 2255 for a claim not argued on direct appeal if "he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."[6] Defendant has not satisfied this burden. He was advised of his

---

1. *United States v. Josenberger*, No. 95–20081–01, 1999 WL 450958 (June 17, 1999 D. Kan.) (unpublished opinion).

2. Because petitioner filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the AEDPA applies to his petition. *See generally Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

3. 235 F.3d 1238 (10th Cir.2000); *See also Josenberger*, No. 95–20081–01, 1999 WL 450958 (construing a 60(b) motion as a § 2255).

4. *Kelly*, 235 F.3d at 1241.

5. *Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir.1998).

6. *United States v. Allen*, 16 F.3d 377, 378 (10th Cir.1994).

right to appeal and necessity to file notice of the same within ten days; he took no action.

**IT IS THEREFORE ORDERED** that the defendant's motion under 60(b), construed as a motion under § 2255, is DENIED.