F I L E D
United States Court of Appeals
Tenth Circuit

MAY 30 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

     v.

ENRIQUE PEDRAZA,

        Defendant-Appellant.

No. 02-2313

(D. New Mexico)

(D.C. Nos. CIV-02-1192-MCA/WWD
& CR-90-285-SC)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Enrique Pedraza appeals the district court's October 24, 2002 order denying the relief sought in his motion for a new trial and allowing him twenty days to withdraw the motion or have the motion recharacterized and considered under 28

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 2255. We conclude that the district court's October 24, 2002 order is not a final judgment and that, as a result, we lack jurisdiction over this appeal.

## I. FACTUAL BACKGROUND

Mr. Pedraza was convicted after a jury trial of possession with the intent to distribute and conspiracy with the intent to distribute more than five kilograms of cocaine, violations of 21 U.S.C. §§ 841(a)(1) and 846. This court affirmed his convictions on appeal. See United States v. Pedraza, 27 F.3d 1515 (10th Cir. 1994).

Mr. Pedraza reports that on November 27, 1997, he filed a 28 U.S.C. § 2255 motion to vacate, set aside or modify his sentence. In January 1998, the district court denied his motion as untimely under the one-year statute of limitations set forth in the AntiTerrorism and Effective Death Penalty Act (AEDPA). See Rec. doc. 1, at 2 (Motion for New Trial, filed Sept. 23, 2002).

On September 23, 2002, Mr. Pedraza filed a motion for a new trial in the district court. He argued that on November 8, 2001, he had discovered information pertaining to an internal affairs investigation within the United States Customs Service that may have provided him with a defense to the prosecution's charges. Mr. Pedraza's theory is that the internal affairs information reveals that "the real reasons behind the sting operation [that led to his convictions] was to

steal money rather than drug interdiction." Id. at 15. He therefore reasons that this "evidence would have drastically enhanced [his] entrapment defense." Id. According to Mr. Pedraza, the prosecution knew about this evidence prior to his trial but failed to disclose it, thereby violating due process principles established by Brady v. Maryland, 373 U.S. 83 (1963).

In reviewing Mr. Pedraza's motion, the district court noted that under Fed. R. Crim P. 33, a motion for a new trial based on newly discovered evidence must be filed within three years after the verdict. Here, the jury returned guilty verdicts against Mr. Pedraza on November 15, 1991, more than ten years before he filed this motion. Accordingly, the court concluded, Mr. Pedraza's motion was untimely under Fed. R. Crim. P. 33.

The district court also applied this circuit's decision in United States v. Kelly, 235 F.3d 1238 (10th Cir. 2002):

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

Kelly, 235 F.3d at 1241 (quoting Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998)). Accordingly, the court allowed Mr. Pedraza twenty days to withdraw his motion or notify the court in writing that he wished to have the motion recharacterized as a § 2255 motion. Before the expiration of this twenty-day period, Mr. Pedraza filed a notice of appeal.

## II. DISCUSSION

Absent certain limited exceptions, "federal appellate courts have jurisdiction solely over appeals from final decisions of the district courts of the United States." Rekstad v. First Bank Sys. Inc., 238 F.3d 1259, 1261 (10th Cir. 2001) (quoting 28 U.S.C. § 1291) (emphasis deleted). A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Here, the district court has not yet determined whether Mr. Pedraza elects to continue to proceed under Fed. R. Civ. P. 33 or to recharacterize his motion as filed pursuant to 28 U.S.C. § 2255. As a result, the district court has not yet entered a final decision in this case. Cf. Zucker v. Maxicare Health Plans, Inc., 14 F.3d 477, 481 (9th Cir. 1994) (holding that a district court's order providing that it would become final five days after the filing of a joint notice was not a final judgment because the joint notice had not been filed and because the district court had

taken no action indicating that the order was a final judgment despite the nonfulfillment of that condition). We thus lack jurisdiction over this appeal.

In the district court proceedings, Mr. Pedraza should inform the court whether he is proceeding under Fed. R. Crim. P. 33 or 28 U.S.C § 2255. Different time limitations apply to these two provisions.

Rule 33 motions for a new trial must be filed within three years after the entry of a final judgment. See United States v. Pearson, 203 F.3d 1243, 1274 (10th Cir. 2000). In contrast to that absolute time limitation regarding Rule 33 motions, the limitations period for § 2255 motions is somewhat flexible. In particular, a one-year limitations period for the filing of these motions runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

However, a pending motion for a new trial under Fed. R. Crim. P. 33 generally does not toll the statute of limitations period for filing a 28 U.S.C. § 2255 motion. See Trenkler v. United States, 268 F.3d 16, 18 (1st Cir. 2001) (stating that "there is no statutory basis for tolling the limitations period while the prisoner seeks post-conviction relief under Rule 33"); United States v. Prescott, 221 F.3d 686, 688-89 (4th Cir. 2000) (same). Additionally, when a prisoner has filed a prior § 2255 motion (as Mr. Pedraza admits he has done here), the second § 2255 motion:

> must be certified as provided in section 2244[2] by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Upon Mr. Pedraza's determination of how his motion should be characterized, the district court should apply the appropriate standard.

---

[2] Section 2244 provides in part that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a).

## III.  CONCLUSION

Accordingly, we DISMISS this appeal.  Mr. Pedraza's Motion for a Certificate of Appealability, and Motion to the District Court's Administrative Designation of Appellant's Motion for New Trial - as a Section 2255 Motion are both denied as moot.

Entered for the Court,


Robert H. Henry
Circuit Judge