**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DARIAN HUNTER,

Defendant-Appellant.

No. 11-1221
(D.C. No. 1:96-CR-00419-WYD-10)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

The district court struck from the record Darian Hunter's pro se pleading

captioned "Writ of Habeas Corpus" on the basis that Hunter was represented by

counsel. Hunter filed a pro se notice of appeal.[1] We vacate the district court's

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Counsel initially entered an appearance on behalf of Hunter in this appeal, but moved to withdraw on the basis that Hunter wished to proceed pro se. We granted counsel's motion to withdraw.

order for lack of jurisdiction, construe Hunter's notice of appeal and appellate briefs as an implied application for authorization to file a second or successive 28 U.S.C. § 2255 motion, and deny authorization.

Hunter's conviction in 2000 on a drug trafficking charge was affirmed by this court in *United States v. Hunter*, 9 F. App'x 857 (10th Cir. 2001). He filed a § 2255 motion, which the district court denied. This court declined to grant Hunter a certificate of appealability on November 14, 2003. Hunter's supervised release was revoked by the district court on October 25, 2010. He was represented by counsel in the revocation proceeding. On May 4, 2011, Hunter filed a pro se "Writ of Habeas Corpus" in the district court seeking "dismiss[al] of the charges against him." R. at 35. He challenged the legal sufficiency of the indictment underlying his 2000 conviction and raised a claim of pre-trial delay. A day later, the district court entered the following order:

> Defendant's *pro se* filing . . . is **STRICKEN** from the record. Defendant is represented by counsel. Under the law, there is no constitutional right to a hybrid form of representation. Consequently, the Court will not consider any future *pro se* filings. All further communications with the Court must be filed through Defendant's counsel of record.

*Id.* at 39 (citation omitted). Hunter filed a pro se notice of appeal, asserting that he was not represented by counsel in connection with his Writ of Habeas Corpus.

Hunter raises two issues on appeal: (1) whether the district court erred in striking his pro se application for a writ of habeas corpus; and (2) whether he has

-2-

satisfied the requirements for filing a second or successive § 2255 motion based on a claim of actual innocence.

Hunter explicitly characterizes his district court filing as an application for a writ of habeas corpus. Moreover, the relief he seeks–dismissal of the charges underlying his 2000 conviction–may only be obtained through § 2255. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

"[F]ederal prisoners seeking relief under § 2255 generally must marshal all of their claims into one collateral attack on their conviction and sentence." *United States v. Kelly*, 235 F.3d 1238, 1241 (10th Cir. 2000). Because Hunter has already filed a § 2255 motion and a judgment has been entered in that proceeding, he must obtain authorization from this court before filing another such motion in the district court. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006). Accordingly, the district court lacked jurisdiction over Hunter's post-judgment motion, and its order striking Hunter's pleading must be vacated.

*See id.*  But we will construe his notice of appeal and appellate briefs as a request for the required authorization.

"Federal prisoners are barred from attacking their federal convictions through second or successive § 2255 motions except in very limited circumstances."  *Kelly*, 235 F.3d at 1241.  "Second or successive § 2255 motions are restricted to claims involving either newly discovered evidence strongly suggestive of innocence or new rules of constitutional law made retroactive by the Supreme Court."  *Brace v. United States*, 634 F.3d 1167, 1170 (10th Cir. 2011) (quotation and ellipsis omitted).

We have thoroughly reviewed the matter and conclude that Hunter has failed to make the prima facie showing required by § 2255(h).  His contentions are not based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense" § 2255(h)(1).  Nor are they based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *Id.* § 2255(h)(2).

The judgment of the district court is VACATED, and the implied

application for authorization to file another § 2255 motion is DENIED. Hunter's

Motion to Remove Assistant United States Attorneys is also DENIED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge