**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 2, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

RICARDO PEREZ-LOPEZ,

  Defendant - Appellant.

No. 12-5055
(D.C. No. 4:10-CR-00011-CVE-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **EBEL** and **HARTZ**, Circuit Judges.

Defendant-Appellant Ricardo Perez-Lopez, acting pro se, appeals the denial of his motion seeking a sentence reduction. Having jurisdiction under 28 U.S.C. § 1291, we AFFIRM.[1]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The district court granted Perez-Lopez's motion to proceed on appeal in forma pauperis. See 28 U.S.C. § 1915.

## I. Background

In 2010, Perez-Lopez pled guilty to unlawfully reentering the United States after a previous deportation. At sentencing, the Court found that Perez-Lopez's offense level was 21 and his criminal history was category VI, resulting in an advisory sentencing guideline range of 77 to 96 months in prison. The court sentenced Perez-Lopez at the bottom of that range, 77 months in prison.

At the time of Perez-Lopez's sentencing, the United States Attorney for the Northern District of Oklahoma had not adopted a fast-track program, a program which allows a defendant to obtain a downward departure from his offense level in exchange for pleading guilty pursuant to an early disposition program. See U.S.S.G. § 5K3.1; see also United States v. Lopez-Macias, 661 F.3d 485, 486-87 (2011). Also at that time, a defendant who was not charged in a fast-track district and thus who could not seek a downward departure under § 5K3.1, also could not, as a matter of law, argue for a downward variance under 18 U.S.C. § 3553(a)(6) based upon the sentencing disparity between defendants charged in a fast-track district and those charged in a non-fast-track district. See United States v. Martinez-Lopez, 468 F.3d 1266, 1268-69 (10th Cir. 2006), overruled by Lopez-Macias, 661 F.3d 485 (10th Cir. 2011). Thus, although Perez-Lopez's attorney unsuccessfully moved for a downward variance at sentencing, counsel did not do so on the basis of the disparity of sentences in fast-track and non-fast-track districts.

Perez-Lopez's conviction and sentence became final in May 2010, after the time

2

for him to file a direct appeal expired without him filing a notice of appeal.  See United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006).  Based on intervening Supreme Court precedent, the Tenth Circuit, in November 2011, held that a defendant in a non-fast-track district could argue for a downward variance under 18 U.S.C. § 3553(a)(6).  See Lopez-v. Macias, 661 F.3d at 489-92 (relying on Kimbrough v. United States, 552 U.S. 85 (2007)).  Citing Lopez-Macias, Perez-Lopez, acting pro se, filed a "Motion For Relief From Judgment."  The district court denied relief, and Perez-Lopez appeals.

## II.  Motion for reduction of sentence under 18 U.S.C. § 3582(c)

Treating Perez-Lopez's motion as one for a reduction in his sentence made pursuant to 18 U.S.C. § 3582(c), the district court concluded it lacked jurisdiction to grant Perez-Lopez the relief he sought.  See United States v. Begay, 631 F.3d 1168, 1173 (10th Cir.) (noting, in parenthetical, that § 3582(c) sets "forth the very narrow circumstances under which a court may modify a term of imprisonment"), cert. denied, 131 S. Ct. 3010 (2011).  Perez-Lopez does not challenge that determination on appeal.

## III.  28 U.S.C. § 2255 motion

On appeal, Perez-Lopez instead argues that the district court erred in not liberally construing his motion for relief from judgment to be a motion made under 28 U.S.C. § 2255.  But Perez-Lopez did not invoke § 2255 in his motion.  And, while courts will liberally construe a pro se inmate's pleadings, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972),

> [a] court cannot . . . recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.

Castro v. United States, 540 U.S. 375, 377 (2003); see also United States v. Kelly, 235 F.3d 1238, 1241-42 (10th Cir. 2000). Further, the district court did not err in denying Perez-Lopez relief under 18 U.S.C. § 3582(c), without undertaking the steps necessary to recharacterize Perez-Lopez's motion as one under § 2255. See United States v. Lowe, 6 F. App'x 832, 835-36 (10th Cir. 2001) (unpublished).

Even if we were to conclude that the district court erred in not construing Perez-Lopez's motion as one made pursuant to § 2255, which we do not, any error would have been harmless. Even if Perez-Lopez could overcome the apparent procedural obstacles that he would face in asserting his claim in a § 2255 motion, including the expiration of the applicable one-year statute of limitations, see 28 U.S.C. § 2255(f), and his failure to raise this issue at sentencing, Perez-Lopez did not assert in his motion any grounds warranting § 2255 relief. "The fast-track policy disagreement [among districts] does not allow a district court to automatically grant a variance without the defendant somehow showing that he is entitled to the variance." Lopez-Macias, 661 F.3d at 494. Further, "a generalized argument in which a defendant simply points to the disparity created by fast-track programs is alone not sufficient to justify such a variance." Id. at 495; see also United States v. Lopez-Avila, 665 F.3d 1216, 1219 (10th Cir. 2011). Thus, to obtain

4

relief, Perez-Lopez had to assert some evidence that he would qualify for a fast-track

departure in a district with an early disposition program.  See Lopez-Macias, 661 F.3d at

494; United States v. Ventura-Perez, 666 F.3d 670, 677-78 (10th Cir. 2012).  He did not

make such an assertion.

## IV.  Conclusion

For the foregoing reasons, we AFFIRM the district court's decision.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge