FILED
United States Court of Appeals
Tenth Circuit

May 17, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHE CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HAROLD EUGENE BELL,

Defendant - Appellant.

No. 13-6004
(D.C. No. 96-CR-00084-D-1)
(W.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

In 1997 Harold Bell was convicted of drug related charges, convictions this court affirmed in 1998. *See United States v. Bell*, 154 F.3d 1205 (10th Cir. 1998). In the fifteen years since, Mr. Bell has launched at least seven collateral attacks on his convictions and sentence. In the current litigation, Mr. Bell alleges that the district court erred back in 1999 when it converted his very first post-conviction motion (seeking, by its terms, a judgment of acquittal or a new trial) into a request for habeas relief under 28 U.S.C. § 2255, and did so without providing him advance notice.

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Bell previously made this same complaint in 2005. At that time, the district court treated Mr. Bell's complaint as seeking reconsideration of its original 1999 order denying collateral relief and thus as a motion arising under Fed. R. Civ. P. 60(b). The district court then proceeded to deny relief on two grounds. First, it noted that Mr. Bell had failed to explain his years of delay in presenting the argument. Second, it noted that Mr. Bell had failed to present any legal authority in support of his complaint. This court declined to grant a certificate of appealability (COA) to permit Mr. Bell to challenge this result, holding that the district court's decision was "not debatable." *United States v. Bell*, 159 F. App'x 48, 49 (10th Cir. 2005) (unpublished).

The current litigation differs from the 2005 litigation only slightly. This case started in 2012 when Mr. Bell once again asked the district court to reconsider its first 1999 order denying collateral relief. Once again, the district court treated Mr. Bell's request as a Rule 60(b) motion for reconsideration of the 1999 ruling. The only difference this time is that Mr. Bell *did* provide the district court with legal authority to support his argument. He noted that the district court's decision back in 1999 to treat his post-conviction filing as a § 2255 motion without providing advance notice — though expressly approved by this court at that time, *see United States v. Bell*, 194 F.3d 1321, 1999 WL 713320, at *1 (10th Cir. Sept. 14, 1999) (table decision) — violated the Supreme Court's later direction in *Castro v. United States*, 540 U.S. 375, 377 (2003), direction this

court anticipated in 2000 in *United States v. Kelly*, 235 F.3d 1238, 1242-43 (10th Cir. 2000). And about this, Mr. Bell surely has a point. *Castro* and *Kelly*, though coming after his initial post-conviction motion, do indicate that a district court should notify a petitioner before converting a post-judgment motion into a § 2255 motion. Still, Mr. Bell offered little excuse for his delay in bringing this authority and his argument to the district court's attention, having now waited thirteen years from its 1999 decision, twelve years from the *Kelly* decision, nine years from *Castro*, and seven years from the district court's 2005 ruling. Noting that a Rule 60(b) motion must be filed "within a reasonable time," Fed. R. Civ. P. 60(c)(1), the district court held that Mr. Bell's delay was unreasonable and denied relief on that basis alone. It also denied Mr. Bell's request for a COA and for leave to proceed *in forma pauperis* (*ifp*) on appeal.

Now before this court, Mr. Bell renews his request for a COA to challenge the district court's disposition of his Rule 60(b) motion, and he renews as well his request for leave to proceed *ifp*. Mr. Bell doesn't dispute that he needs a COA to contest the district court's Rule 60(b) disposition. *See Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006) ("[I]t would be illogical that a COA would be required to appeal from a habeas judgment, but not from the district court's order denying Rule 60(b) relief from such a judgment."). Neither does he dispute that a COA may issue only if the petitioner can show that "jurists of reason would find it debatable" whether the district court erred. *Id.* at 1225 (quoting *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000)). Nor does he dispute that this court may review a denial of a Rule 60(b) motion on the basis of unreasonable delay only for abuse of discretion. Before us then, Mr. Bell bears the burden of showing jurists of reason would find it debatable whether the district court abused its discretion in finding that his 2012 motion was unreasonably delayed.

We cannot say so much. This court has routinely held that district courts do *not* abuse their discretion when denying relief under Rule 60(b) because of delays of similar length. *See, e.g.*, *United States v. Eaton*, No. 12-6262, 2013 WL 49759, at *2 (10th Cir. Jan. 4, 2013) (Rule 60(b)(6) motion filed nearly twelve years after ruling on § 2255 motion was not made within a reasonable time); *United States v. Stover*, 487 F. App'x 474, 476 (10th Cir. 2012) (unpublished) (delay of eleven years after sentencing was not reasonable); *Thompson v. Workman*, 372 F. App'x 858, 861 (10th Cir. 2010) (unpublished) (delay of over eight years from the district court's judgment and seven years after the appellate decision was not reasonable); *West v. Champion*, 363 F. App'x 660, 664-65 (10th Cir. 2010) (unpublished) (delay of eight years was not reasonable). In light of the deferential abuse of discretion standard and this precedent, we fail to see how reasonable jurists might debate the district court's denial of Mr. Bell's Rule 60(b) motion as untimely.

Mr. Bell replies that his delay from 1999 to 2006 should be excused. It should be excused, he says, because before that time this court didn't require

district courts to notify a petitioner before converting a post-trial motion into a § 2255 motion. Whatever other problems attend this argument, however, it is wrong on the facts. As early as 2000 this court in *Kelly* held that notice is required. The Supreme Court made the point for itself in *Castro* in 2003. Even assuming (without deciding) that it might be debatable whether a plaintiff reasonably delays filing a Rule 60(b) motion until other cases affording similar relief are decided, it is undebatable that the argument Mr. Bell wishes to pursue now was available to him a very long time ago. Before, in fact, his 2005 Rule 60(b) motion that sought to pursue exactly the same argument he pursues today.

Separately, Mr. Bell says his delay from 2006 to 2012 should be excused because during that time he was working on other petitions seeking to have his sentence reduced. And, he says, it took him some time to come across the unpublished case of *Washington v. United States*, No. 05-3335 (10th Cir. Mar. 14, 2006) (per curiam) (unpublished), to provide him an example of a successful *Castro* claim. But on the first point, Mr. Bell didn't seek a sentencing reduction until December 2009, so even assuming (again without deciding) that his attention to his sentencing efforts constituted a reasonable ground for neglecting this matter, it does not begin to account for the many years that passed. On the second point, Mr. Bell did not need the unpublished case of *Washington*, issued in 2006, to assure him of the viability of his argument: published cases like *Kelly*

and *Castro* existed years before that.  Neither in any event does Mr. Bell explain why it was reasonable for him to take six years before discovering *Washington*.

The request for a COA and leave to proceed *ifp* are denied and the appeal is dismissed.  Mr. Bell is reminded that he must pay the filing and docket fees in full to the clerk of the district court.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge