FILED
United States Court of Appeals
Tenth Circuit

January 25, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUSTIN SPARKS,

    Defendant - Appellant.

No. 15-5062
(D.C. Nos. 4:14-CV-00212-TCK-TLW
and 4:07-CR-00065-TCK-3)
(N.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

---

Defendant-Appellant Justin Sparks, appearing pro se, seeks a certificate of

appealability (COA), 28 U.S.C. § 2253(c)(1), to challenge the district court's

denial of his 28 U.S.C. § 2255 motion.[1] United States v. Sparks, No. 07-CR-65-

TCK, 2015 WL 2137478 (N.D. Okla. May 7, 2015). For a COA to issue, Mr.

Sparks must "demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." Slack v. McDaniel,

529 U.S. 473, 484 (2000). Mr. Sparks has not met this threshold and we therefore

---

[1] We have considered the timeliness of Mr. Sparks's notice of appeal and
hold that Mr. Sparks has satisfied the prison mailbox rule; the appeal is timely.
Fed. R. App. P. 4(c).

deny a COA, deny IFP status, and dismiss the appeal.

Mr. Sparks pled guilty to one count of conspiracy with intent to distribute more than 100 kilograms of marijuana. He later filed a motion to withdraw his guilty plea, which the district court denied. The court sentenced Mr. Sparks to 210 months of imprisonment and five years of supervised relief. This court affirmed. United States v. Sparks, 353 F. App'x 121 (10th Cir. 2009).

Subsequently, Mr. Sparks filed a 28 U.S.C. § 2255 motion requesting the court hold an evidentiary hearing and vacate his conviction. He alleged that his former girlfriend, Melissa Oliveras (who had testified against him), had a sexual relationship with an unnamed member of the prosecution team during his trial. To support this claim, Mr. Sparks submitted a declaration from his daughter, Selena Munoz, stating that Ms. Oliveras had told Mr. Sparks's sister, Lorie Silvestre (a co-conspirator), about this relationship. Mr. Sparks asserted three claims for relief: (1) prosecutorial misconduct; (2) a Brady violation based on failure to disclose the relationship; and (3) ineffective assistance of counsel based on his attorney's failure to conduct an interview that would have exposed the relationship.

The government responded by arguing Ms. Munoz's declaration constituted uncorroborated hearsay. It also provided three declarations of its own. The first was from Ms. Oliveras, admitting she had told Ms. Silvestre about her relationship with Philadelphia police officer Ashley David Hoggard, but that Mr.

Hoggard had no connection to Mr. Sparks's case. Ms. Oliveras also claimed that she continued to fear Mr. Sparks because of his ongoing threats to her father. Mr. Hoggard's declaration corroborated Ms. Oliveras's. The final declaration, from Gayla Stewart, a Victim/Witness Coordinator in the United States Attorney's Office for the Northern District of Oklahoma, confirmed Ms. Oliveras's reports of Mr. Sparks's threats to her father from jail.

The district court concluded that all three claims for relief failed. First, Mr. Sparks's claims were based on an affidavit containing inadmissible hearsay, which the court could disregard. See Neill v. Gibson, 278 F.3d 1044, 1056 (10th Cir. 2001); United States v. Lowe, 6 F. App'x 832, 837 n.6 (10th Cir. 2001) (unpublished, cited for its persuasive value). Second, the government presented evidence from the two persons with firsthand knowledge of the relationship completely inconsistent with the hearsay affidavit. Because "no real question of fact and no need to weigh the credibility of witnesses" existed, the court denied Mr. Sparks's § 2255 motion, declined to conduct an evidentiary hearing, and denied a COA. Sparks, 2015 WL 2137478, at *5. The district court's analysis and disposition are not reasonably debatable. Mr. Sparks has offered no authority to suggest that reasonable jurists would find it so.

We DENY a COA, DENY IFP status, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge