**F I L E D**

**UNITED STATES COURT OF APPEALS**

**DEC 31 2002**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

BLAKE HANKINS STOVER,

     Defendant-Appellant.

No. 01-6284
(D.C. No. 00-CR-155-M)
(W.D. Oklahoma)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

Blake Stover appeals his life sentence for manufacturing and distributing controlled substances and conspiracy to commit the same. *See* 21 U.S.C. § 846. He alleges his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), or alternatively that the district court made sentencing errors. We affirm.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Stover was found guilty of numerous charges related to the manufacture and distribution of methamphetamine and cocaine. Under Count 1, the jury found him guilty of conspiracy to manufacture or to possess with intent to distribute between 500 grams and five kilograms of cocaine powder and in excess of 500 grams of a mixture or substance containing a detectable amount of methamphetamine. The statutory range of punishment for this charge is no "less than 10 years or more than life." 21 U.S.C. § 841(b)(1)(A). At sentencing the district court adjusted the drug amounts attributed to Mr. Stover in the Presentence Report, resulting in a base offense level of 38. The court enhanced Mr. Stover's offense level to 44 by adding four points for his role as a leader in the conspiracy and two points for obstruction of justice. The court declined to depart downward from Mr. Stover's criminal history category of III, and sentenced Mr. Stover to life in prison for Count 1.

Mr. Stover contends his sentence is unconstitutional under *Apprendi* because the drug amounts for his base offense level were determined by the sentencing court under a preponderance of the evidence standard rather than decided by the jury beyond a reasonable doubt. Because he did not raise this objection below, we review for plain error. *United States v. Lujan*, 268 F.3d 965, 967 (10th Cir. 2001).

The Supreme Court held in *Apprendi* that "[o]ther than the fact of a prior

conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. But *Apprendi* "does not apply to sentencing factors that increase a defendant's guideline range but do not increase the statutory maximum." *United States v. Sullivan*, 255 F.3d 1256, 1265 (10th Cir. 2001), *cert. denied*, 534 U.S. 1166 (2002). Mr. Stover's sentence falls directly within the ambit of *Sullivan*. The jury found beyond a reasonable doubt that he was guilty of conspiracy to manufacture, possess, and distribute an amount of drugs sufficient to trigger the statutory sentencing range of ten years to life in prison, *see* 21 U.S.C. § 841(b)(1)(A), and his sentence does not exceed that statutory maximum. Therefore, Mr. Stover's sentence does not violate *Apprendi*.

Mr. Stover also attacks the district court's sentencing findings. He first contends the court erred by including personal drug use amounts to calculate his statutory sentencing range. As Mr. Stover did not raise this objection below, we again review only for plain error. *Lujan*, 268 F.3d at 967.

Mr. Stover objects to the district court's inclusion of 4,082.4 grams of cocaine and five grams of methamphetamine in calculating his sentencing range for count 1, contending the government failed to show he distributed or sold these drug quantities to others. Pursuant to *United States v. Asch*, 207 F.3d 1238 (10th Cir. 2000), "only those quantities of drugs that the government proves by a

preponderance of the evidence [the defendant] obtained from [co-conspirators] with the intent to distribute [can] be included when determining the statutory sentencing range." *Id.* at 1246. For a defendant to argue that some of the drugs he received were not part of the conspiracy's common objective, however, he must produce evidence demonstrating he "always intended to personally consume some specific portion of the drugs received from [his coconspirators]." *Id.*

Mr. Stover did not present "personal[] testimony of actual consumption of specific quantities" of narcotics to prove his personal drug use. *Id.* In failing to do so, he did not give the district court an opportunity to make a factual determination as to whether the alleged drug amounts should be excluded under the rule articulated in *Asch*. In the absence of district court findings for our review, we cannot find plain error. *See United States v. Swepston*, 987 F.2d 1510, 1516 (10th Cir. 1993).

Mr. Stover further asserts the district court erred in calculating the overall amount of drugs attributed to him, and in finding he was a leader in the conspiracy. We review the district court's sentencing findings of fact under the clearly erroneous standard. *United States v. Keeling*, 235 F.3d 533, 535 (10th Cir. 2000), *cert. denied* 533 U.S. 940 (2001).

In attacking the district court's overall calculation of drugs attributable to him, Mr. Stover argues the court's finding was based on insufficient evidence

provided by unreliable witnesses whose testimony was summarized by a drug agent. These witnesses consisted primarily of drug dealers, drug users, and individuals who had been indicted along with Mr. Stover but had received varying forms of leniency in exchange for their willingness to testify against him. On these grounds, Mr. Stover asserts the testimony of the witnesses was unreliable.

At sentencing, the government was required to prove by a preponderance of the evidence the quantity of drugs attributable to Mr. Stover. *United States v. Chatman*, 994 F.2d 1510, 1516 (10th Cir. 1993). "Where, as here, the drugs are not seized and the court relies upon an estimate to determine the offense level under the sentencing guidelines, the information underlying the estimate must possess a minimum indicia of trustworthiness." *United States v. Nieto*, 60 F.3d 1464, 1469 (10th Cir. 1995) (quotation and citation omitted). "We give due regard to the district court's opportunity to judge the credibility of witnesses on whose testimony it relied" in reaching its determination of the amount of drugs attributable to a defendant. *Chatman*, 994 F.2d at 1517.

While the district court's calculations were based on a summary of witness testimony provided by a federal agent at sentencing, the court nonetheless had the opportunity to determine the credibility of the witnesses at trial. The court noted that

> where issues have been raised as to the credibility of the individuals
> who have testified as to specific quantities and transactions, although

their credibility is questionable on one item or another, in so far as it relates to specific transactions and amounts of those transactions, the Court finds them credible for that purpose.

Rec., vol. I, doc. 276 at 6. The court also took "extreme care . . . to avoid any double counting" of the drug amounts and "conservatively reached" the amount attributable to Mr. Stover. *Id.* We are not persuaded the court erred in its calculations.

The district court also correctly enhanced Mr. Stover's offense level by four upon finding he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). The government had the burden of proving by a preponderance of the evidence that Mr. Stover had a leadership role in the conspiracy. *United States v. Cruz Camacho*, 137 F.3d 1220, 1224 (10th Cir. 1998). The guidelines provide a list of factors for the sentencing court to consider when making such a determination, including the defendant's

> exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing of the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, application note 4. All of the factors need not be satisfied to support enhancement. *United States v. Wacker*, 72 F.3d 1453, 1476 (10th Cir. 1996). Nor does the government "have to prove that defendant controlled five or

more participants. Instead, it must prove that five persons participated in the criminal venture, and that Defendant exercised leadership control over at least one person." *Cruz Camacho*, 137 F.3d at 1224. The government met this burden.

The evidence indicates Mr. Stover was involved in an enterprise that included at least eighteen people. The government produced ample evidence to show Mr. Stover exercised control over individuals in the conspiracy. He directed people to sell and deliver drugs to certain buyers and dictated the prices of the drugs, he ordered a co-conspirator to obtain a $5000 bank loan that was used to purchase methamphetamine, he allowed individuals to use his rental trailer to cook methamphetamine and paid for its electricity in exchange for a portion of the drugs, and he paid bonding fees to facilitate the release of co-conspirators who had been arrested on state charges. This evidence supports the district court's enhancement of Mr. Stover's offense level for his role as a leader or organizer of the conspiracy.

Finally, Mr. Stover contends the district court erred in refusing to depart downward in assigning his criminal history category. "A discretionary refusal to depart downward is not reviewable by this court unless it appears from the record the sentencing court erroneously believed the Guidelines did not permit a downward departure." *United States v. Nelson*, 54 F.3d 1540, 1544 (10th Cir. 1995). The district court understood it could depart downward but denied Mr.

Stover's request to do so.  We do not have jurisdiction to review this discretionary decision.

The district court is **AFFIRMED.**

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge