**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

    v.

JAMES LEE WATSON,

        Defendant-Appellant.

No. 05-5193

(Case No. 04-CR-182-002-TCK)

(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered submitted without oral argument.

Appellant James Lee Watson brings this direct criminal appeal following his conviction for multiple counts of armed robbery and related firearms charges. Appellant challenges certain district court evidentiary rulings as well as that court's denial of his motion for a new trial.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

First, Appellant argues that the district court incorrectly denied his motion to suppress an incriminating statement made to police detectives. Appellant asserts that the administration of morphine in conjunction with a medical procedure the day before the interview placed him in a weakened condition, and that subjecting him to a police interview therefore violated his Fifth Amendment right against self-incrimination and Fourteenth Amendment right to due process.

In reviewing the grant or denial of a motion to suppress, we accept the district court's factual findings unless clearly erroneous and consider the evidence in the light most favorable to the district court's determination. *United States v. Lopez*, 437 F.3d 1059, 1062 (10th Cir. 2006). We conduct de novo review on the ultimate issue of whether a statement was voluntary, "taking into account the totality of the circumstances surrounding the confession." *Id.* (quotation omitted). The Government bears the burden of showing, by a preponderance of the evidence, that a confession is voluntary. *Missouri v. Seibert*, 542 U.S. 600, 608 n.1 (2004). "Waiver of one's Fifth Amendment privilege against self-incrimination requires that the individual 'voluntarily, knowingly and intelligently' waive his constitutional privilege." *United States v. Morris*, 287 F.3d 985, 988 (10th Cir. 2002) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)).

The district court conducted a suppression hearing, at which the interviewing detective and Appellant testified, and reviewed a videotape of the

interview. The district court found that Appellant knowingly signed a *Miranda* waiver after reading portions of the waiver out loud, that Appellant was alert and understood the nature of the interview, and that Appellant ended the interview by refusing to talk further and by requesting a lawyer. The district court concluded that these facts showed that Appellant waived his *Miranda* rights with "'full awareness both of the nature of the [rights] being abandoned and the consequences of the decision to abandon [them].'" Order, Case No. 04-CR-182-K, at 4 (N.D. Okla. Feb. 23, 2005) (quoting *Morris*, 287 F.3d at 989). Based on the totality of the circumstances, we agree. *See Morris*, 287 F.3d at 989 (finding no mental impairment where physician said medication would have no effect on faculties and defendant's actions demonstrated comprehension of his rights); *see also United States v. Curtis*, 344 F.3d 1057, 1066 (10th Cir. 2003) (concluding that defendant was lucid and aware of his rights after district court reviewed videotape of interview and heard testimony from interviewing officer).

Second, Appellant contends that the district court permitted the jury to view the surveillance video of one the armed robberies in clear contravention of Fed. R. Evid. 403. "We review a district court's evidentiary rulings for abuse of discretion." *Curtis*, 344 F.3d at 1067. "As has been stated many times, Rule 403 does not protect a party from all prejudice, only unfair prejudice." *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000). The district court determined that the videotapes were directly relevant to the crimes

alleged, were not unfairly prejudicial, and corroborated witness testimony.  We do not believe the district court abused its discretion when it determined that the video's probative value outweighed any potential prejudicial impact.

Third, Appellant challenges the admission of and playing of audiotaped telephone conversations in which Appellant attempted to fabricate a false alibi with the coerced cooperation of third parties.  Appellant argues that (1) the government's notice requesting admission of this evidence was filed after the motion deadline, (2) Fed. R. Crim. P. 12.1(f) prohibits admission following Appellant's withdrawal of his alibi defense, (3) the evidence was not relevant, and (4) the evidence was unduly prejudicial.

Admission of evidence under Fed. R. Evid. 404(b) is reviewed for abuse of discretion.  *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006).  We do not reverse a district court's ruling "if 'it fall[s] within the bounds of permissible choice in the circumstances' and is not 'arbitrary, capricious or whimsical.'"  *Id.* (alteration in original) (quoting *United States v. Shumway*, 112 F.3d 1413, 1419 (10th Cir. 1997)).  Rule 404(b) governs the admission of "other crimes, wrongs, or acts," and a ruling on Rule 404(b) admissibility requires that we examine the following four factors:  "(1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if the defendant so requests."  *Id.* (citing *Huddleston v. United States*, 485 U.S. 681,

691 (1988)).

The district court found that the government, after learning about these conversations, promptly filed its motion to admit the evidence. Also, the district court determined that Rule 12.1(f) did not bar admission of this evidence to prove consciousness of guilt. The audiotapes were offered for the permissible purpose of establishing consciousness of guilt and were not overly prejudicial compared to the relevant probative purpose. The district court did, however, require redaction of Appellant's threats to kill the witnesses and/or their family members if they failed to cooperate. In addition, the district court instructed the jury that it could not consider this evidence as proof of the acts charged but rather only as proof of Appellant's state of mind. We find the district court's ruling entirely appropriate.

Finally, Appellant argues that the district court erroneously denied his motion for a new trial based on newly discovered evidence. Specifically, Appellant contends his rights were prejudiced by a violation of the rule of sequestration. Fed. R. Crim. P. 33 authorizes district courts to grant new trials "if required in the interest of justice." However, "motion[s] for a new trial based on newly discovered evidence [are] generally disfavored and 'should be granted only with great caution.'" *United States v. Gwathney*, No. 05-2165, 2006 WL 2734108, at *7 (10th Cir. Sept. 26, 2006) (quoting *United States v. Combs*, 267 F.3d 1167, 1176 (10th Cir. 2001)). A district court's denial of a motion for a new trial is reviewed under the abuse of discretion standard. *Id.*

After hearing testimony on the nature of the sequestration violation, the district court determined not only that "[a]ny hypertechnical violation of the Rule of Sequestration was not prejudical," but also that "[i]t was a waste of this Court's time to hear" the motion since the evidence was in no way material to the principal issues involved and no harmful prejudice could have resulted from the violation. (Hr'g Tr. at 52-53, Aug. 31, 2005.) After reviewing the nature of the violation, we agree that the violation was, at best, "minor," "hypertechnical," and "harmless." (*Id.*)

**AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge