FILED
United States Court of Appeals
Tenth Circuit

September 12, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

BLAKE HANKINS STOVER,

        Defendant - Appellant.

No. 07-6202

W.D. Okla.

(D.C. No. 5:04-CV-00646-M)
(D.C. No. 5:00-CR-00155-M-1)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Blake Hankins Stover, a federal prisoner represented by counsel, filed a 28

U.S.C. § 2255 motion to vacate, set aside or correct his sentence. The district

court dismissed the motion. Stover then filed a request for a certificate of

appealability (COA), which the court denied. Stover renews his requests for COA

in this Court. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).

**BACKGROUND**

Stover was convicted by a jury of numerous counts involving the

manufacture and distribution of drugs. His conviction was affirmed on direct

appeal in an unpublished opinion. *United States v. Stover*, 57 Fed. Appx. 351

(10th Cir.), *cert. denied,* 539 U.S. 909 (2002). Stover filed a § 2255 motion

claiming ineffective assistance of appellate counsel for failure to raise allegedly meritorious issues on direct appeal. The district court dismissed the motion. *See United States v. Stover*, Nos. CR-00-155M, CIV-04-646M, 2007 WL 2363289 (W.D. Okla. Aug. 16, 2007). It concluded the omitted issues were not "dead bang" winners and therefore, Stover failed to show his appellate counsel was ineffective for failing to raise them in his direct appeal. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). Thereafter, the district court denied his request for a COA.

## CERTIFICATE OF APPEALABILITY

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Stover makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336. Insofar as the district court dismissed his habeas petition on procedural grounds, he must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations

omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* We review the district court's factual findings for clear error and its legal conclusions *de novo*. *English v. Cody,* 241 F.3d 1279, 1282 (10th Cir. 2001).

"Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner,* 23 F.3d 287, 291 (10th Cir. 1994) (citations omitted). When a petitioner "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *United States v. Cox,* 83 F.3d 336, 341 (10th Cir. 1996).

Ineffective assistance of appellate counsel can establish cause to overcome the procedural bar. *Id.* Stover must show (1) his appellate counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).[1] "When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on

---

[1] "Although *Strickland* set forth standards for determining the effectiveness of trial counsel, we have applied those same standards in assessing the effectiveness of appellate counsel." *Cook*, 45 F.3d at 394.

appeal, we examine the merits of the omitted issue[s]." *Cook*, 45 F.3d at 392.

"The Sixth Amendment does not require an attorney raise every nonfrivolous issue." *Id.* at 394. Rather, counsel's performance is ineffective when a "dead bang" winner is omitted on appeal. *Id*. at 395.

The district court examined each issue raised by Stover and found not one was a "dead bang" winner. *Stover*, 2007 WL 2363289 at *3-5. Stover reasserts his arguments here but unfortunately provides an inadequate record for our review. His appendix contains individual pages from the trial transcript without offering the entire transcript, or at least the full transcript from the witnesses whose testimony he references. Without a transcript of the relevant proceedings, we cannot determine the merit of his claims and must affirm the district court.[2] *See United States v. Dago*, 441 F.3d 1238, 1251 (10th Cir. 2006) (stating counseled appellants have a duty to provide an adequate record and the failure to do so will result in the affirmation of the district court's judgment). For example, Stover states appellate counsel was ineffective because he failed to raise sufficiency of the evidence on two charges and for failing to address several categories of inadmissible evidence. We must review his claims in the light most favorable to the government and "presume that counsel's actions constituted sound strategy." *Boltz v. Mullin*, 415 F.3d 1215, 1222 (10th Cir. 2005). Given

_____

[2] We note during the course of proceedings in this Court, we issued Stover's counsel several deficiency notices and counsel specifically filed a notice stating a transcript was not necessary.

this standard, Stover's submission of random selected pages of the trial transcript cannot establish his claim. Because Stover has not provided a sufficient record to demonstrate the district court's dismissal is reasonably debatable, he has failed to make a sufficient showing that he is entitled to a COA.

We **DISMISS** his application for a COA.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge