FILED
United States Court of Appeals
Tenth Circuit

December 11, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BLAKE STOVER,

Defendant - Appellant.

No. 12-6236

(W.D. Oklahoma)

(D.C. No. 5:00-CR-00155-M-1)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

Defendant and appellant Blake Hankins Stover, proceeding *pro se*, seeks a

certificate of appealability ("COA") to enable him to appeal the denial of his Fed.

R. Civ. P. 60(b) motion for relief from his judgment of sentence and conviction.

For the following reasons, we deny Mr. Stover a COA and dismiss this matter.

Following a jury trial, Mr. Stover was found guilty of multiple counts

relating to an extensive conspiracy to manufacture and distribute

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 32.1.

methamphetamine and cocaine. He was sentenced to life imprisonment.[1]

Mr. Stover's conviction and sentence were affirmed on direct appeal. United States v. Stover, 57 Fed. Appx. 351 (10th Cir. 2002). In that direct appeal, Mr. Stover challenged the quantity of drugs attributed to him, including the amount he consumed personally, and he challenged the characterization of him as a leader of the conspiracy.

Mr. Stover then filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence, arguing that his counsel had been ineffective by failing to raise allegedly meritorious issues on direct appeal. The district court dismissed the motion, concluding that the omitted issues were not "dead bang" winners and, therefore, Mr. Stover failed to show his counsel was ineffective in failing to raise those issues. The district court, and our court, then denied him a COA to appeal that dismissal. See United States v. Stover, Nos. CR-00-155M, CIV-04-646M, 2007 WL 2363289 (W.D. Okla. Aug. 16, 2007); United States v. Stover, 292 Fed. Appx. 755, 2008 WL 4183918 (10th Cir. 2008).

In August 2012, Mr. Stover filed a Fed. R. Civ. P. Rule 60(b) motion with the district court, arguing that, at his sentencing in 2001, "the district court failed to make the required specific factual findings on the record when attributing drug

---

[1]Mr. Stover was convicted on ten counts. He was sentenced to life imprisonment on one count; 240 months on four counts; 480 months on two counts; and 120 months on one count. These sentences were to run concurrently. Additionally, the remaining two counts led to a sixty-month sentence and a 300-month sentence, both of which were to run consecutively to the other counts.

quantities to him."  Mot. for Relief from Final Judgment Pursuant to Rule 60(b) at

1, R. Vol. 1 at 78.  He made no mention of his earlier § 2255 petition.[2]

The district court denied Mr. Stover's motion, stating as follows:

> "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."  Davis v. Kan. Dep't of Corr., 507 F.3d 1246, 1248 (10th Cir. 2005).  Additionally, "[a] motion under Rule 60(b) must be made within a reasonable time . . . after the entry of judgment or order or on the date of the proceeding."

Order at 1, R. Vol. 1 at 94 (quoting Fed. R. Civ. P. 60(c)(1) (further citation

omitted)).  The court held that the motion was not filed "within a reasonable

time."  Id.  As the court noted, the district court entered its original judgment of

conviction and sentence in August 2001, and Mr. Stover did not file his Rule

60(b) motion until August 2012, some eleven years later.

The district court subsequently denied Mr. Stover a COA to enable him to

appeal the dismissal of his Rule 60(b) motion.  Mr. Stover seeks a COA from this

court, as he must before appealing the denial of a Rule 60(b) motion.  See

Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006).

A COA is a jurisdictional prerequisite to our review.  Miller-El v. Cockrell,

537 U.S. 322, 336 (2003).  We will issue a COA only if Mr. Stover can make a

---

[2]Ordinarily, when a defendant files a Rule 60(b) motion in response to the denial of a 28 U.S.C. § 2255 habeas petition, we decide whether the motion is a "true" Rule 60(b) motion or a second or successive habeas petition.  See Spitznas v. Boone, 464 F.3d 1213 (10th Cir. 2006).  We need not do so here, however, as Mr. Stover's Rule 60(b) motion appears unrelated to his habeas petition; rather, he challenges his original sentencing proceeding.  Thus, we simply treat the proceeding before us as an attempt to appeal the denial of a Rule 60(b) motion.

-3-

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336. If the district court dismissed his habeas petition on procedural grounds, he must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

We agree with the district court's determination. Indeed, there can be no question as to the propriety of the district court's procedural ruling on Mr. Stover's claim. For the foregoing reasons, we deny Mr. Stover a COA and dismiss this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-4-