**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 16, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BLAKE HANKINS STOVER,

      Defendant - Appellant.

No. 13-6169
(D.C. No. 5:00-CR-00155-M-1)
(D. W.D. Okla.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

In 2001, Blake Hankins Stover was convicted of multiple charges relating to an extensive conspiracy to manufacture and distribute methamphetamine and cocaine. He was sentenced to life imprisonment. We affirmed. *United States v. Stover,* 57 F. App'x 351 (10th Cir. 2002) (unpublished).

Since then he has filed a 28 U.S.C. § 2255 motion and several Rule 60(b) motions making assorted claims of error in the original and § 2255 proceedings. He has routinely appealed from the denials of his motions. Like the motions themselves, none of his appeals have met with success. The parties are familiar with the details of the procedural history, which we will not repeat. Stover's latest Rule 60(b) motion was denied because it was not filed within a reasonable time.[1]

---

[1] The district judge offered a cogent reason, saying:

(continued. . .)

Stover did not seek a required certificate of appealability (COA) from the district court; however he has requested one in his opening brief. Because he has shown no entitlement to a COA under existing law, his request is denied and this matter is dismissed.

Since Stover was permitted to proceed on appeal in forma pauperis[2] he must continue to make payment to the clerk of the district court until all filing and docketing fees are paid in full.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

> [T]he Court finds that defendant has not filed his Rule 60(b) motion within a reasonable time. Specifically, on August 23, 2001, the Court entered its Judgment in this case. On August 16, 2007, the Court entered its Order denying defendant's 28 U.S.C. § 2255 motion. However, defendant filed his Rule 60(b)(6) motion on March 3, 2013, nearly eleven years after the entry of judgment and over five years after the Order denying his § 2255 motion.

(R. Vol. 1 at 86.)

[2] Inexplicably, the district judge permitted Stover to proceed on appeal without prepayment of filing and docketing fees.