**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES LEE WATSON,

    Defendant - Appellant.

No. 15-5048
(D.C. Nos. 4:07-CV-00394-TCK-FHM and
4:04-CR-00182-TCK-2)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

James Watson seeks a certificate of appealability ("COA") to appeal the denial

of his Federal Rule of Civil Procedure 60(b) and 59(e) motions in a 28 U.S.C. § 2255

proceeding. We deny a COA and dismiss the appeal.

**I**

In 2005, Watson was convicted of armed robbery and related weapons charges.

We affirmed his convictions on direct appeal. United States v. Watson, 207 F. App'x

913 (10th Cir. 2006) (unpublished). In 2007, Watson filed a § 2255 motion, which

the district court denied in 2010. We affirmed that decision after granting a COA. In

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2012 and 2014, we denied Watson authorization to file second or successive habeas motions.

In January 2015, Watson sent a letter to the district court inquiring about a motion to amend, which he claims he sent to the court in August 2007. A deputy clerk responded that there was no record of such a motion being filed. Watson then filed a Rule 60(b) motion seeking to reopen his habeas proceeding, along with a copy of the document he allegedly sent in 2007. The district court denied Watson's motion, expressing doubt that he actually mailed the document at issue. It noted that Watson had amended his initial § 2255 motion in October 2007 and did not reference any August motion. Further, the court held that Watson waited too long to raise the claimed procedural irregularity. Watson unsuccessfully sought reconsideration of that ruling pursuant to Rule 59(e). The district court also denied a COA. Watson timely appealed.

**II**

We first consider whether Watson's Rule 60(b) motion is a "true" Rule 60 motion or a second or successive habeas motion. Where a motion "challenges a defect in the integrity of the federal habeas proceeding" rather than "assert[ing] or reassert[ing] a federal basis for relief from the petitioner's underlying conviction," it qualifies as a "true" Rule 60 motion. Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006). In this case, Watson asserts a defect in his habeas proceeding by alleging that the court lost his 2007 motion. Accordingly, Watson's is a true Rule 60 motion. The district court properly ruled on the motion in the first instance and

-2-

Watson must obtain a COA to appeal that ruling. Id. at 1217-18. We will issue a COA only if he shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 1225 (quotation omitted).

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). And "[a] motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Watson was put on notice no later than 2010 that the district court had not received an August 2007 motion to amend. In its 2010 order, the district court denied Watson habeas relief without mention of the issues raised in the allegedly missing motion. Watson then waited five years to file a Rule 60(b) motion. We agree with the district court that Watson's delay was unreasonable. See United States v. Stover, 532 F. App'x 807, 807 & n.1 (10th Cir. 2013) (unpublished) (five-year delay between denial of § 2255 relief and filing of Rule 60(b) motion was unreasonable).[1] Although Watson argues that under the prison mailbox rule the date

---

[1] A motion under Rule 60(b)(4), which provides for relief when a judgment is void, may be filed at any time. See United States v. Buck, 281 F.3d 1336, 1344 (10th Cir. 2002). Although Watson cited Rule 60(b)(4) in his motion, he did not identify any plausible basis upon which the district court's judgment could be declared void. See id. (identifying the limited grounds for declaring a judgment void). Watson's Rule 60(d)(1) motion is denied for the same reasons. Rule 60(d)(1), which allows a court to entertain an independent action to relieve a party from judgment, "should be available only to prevent a grave miscarriage of justice." United States v. Beggerly,

he sent his August 2007 motion is dispositive even if the court did not receive it, the prison mailbox rule does not relieve a litigant of the duty to file a Rule 60(b) motion within a reasonable time. We thus conclude that reasonable jurists could not debate the district court's denial of Watson's Rule 60(b) motion.[2]

## III

We **DENY** a COA and **DISMISS** Watson's appeal. We **GRANT** his motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

524 U.S. 38, 47 (1998). Watson has not made any arguments or offered any facts that convince this Court such injustice will occur without relief.

[2] Watson's Rule 59(e) motion requested that the district court reconsider its ruling on the Rule 60(b) motion without advancing any new arguments. We conclude that no reasonable jurist could debate whether the district court was correct to deny that motion for the same reasons stated <u>supra.</u>