**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 19 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GARY R. THOMPSON,

      Petitioner-Appellant,

v.

RON WARD,

      Respondent-Appellee.

Nos. 00-6114 & 00-6120
(D.C. No. CIV-97-286-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **ANDERSON** , and **KELLY** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument.[1]

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     Appellant and his counsel both filed separate timely notices of appeal; the cases were consolidated on the court's own motion.

Gary R. Thompson appeals from the district court's denial of habeas corpus relief pursuant to 28 U.S.C. § 2254. We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291. Because appellant filed his habeas application in February of 1997, it is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). This court previously granted appellant a certificate of appealability to proceed on appeal pursuant to 28 U.S.C. § 2253(c).

Before the district court, appellant raised three challenges to his first-degree murder conviction. He alleged that 1) the state trial court should have instructed the jury on the lesser included offense of second-degree murder; 2) his trial counsel was ineffective because he failed to request such an instruction; and 3) the evidence was insufficient to support his conviction. The magistrate judge noted that these three issues had been addressed and decided on the merits by the Oklahoma Court of Criminal Appeals. *See* Appellant's App. at 2.[2] Appellant does not contest otherwise. Under 28 U.S.C. § 2254(d), as amended by AEDPA, when a state court has decided issues on the merits, we may grant habeas relief only if appellant can show that the state court decision "was contrary to, or involved an unreasonable application of, clearly established

---

[2]    The district court adopted, after *de novo* review of appellant's objections, the report and recommendation of the magistrate judge in this case. *See* Appellant's App. at 22-23.

Federal law, as determined by the Supreme Court of the United States," *id.*

§ 2254(d)(1), or "was based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

Appellant does not challenge the district court's rejection of his sufficiency

of the evidence argument on appeal; therefore, that issue is abandoned and

deemed waived. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7

(10th Cir. 1994). Appellant's arguments on the remaining two issues do not

challenge any factual findings. Under the above standard, then, we review these

two issues to determine if the state court 1) reached conclusions contrary to

a principle of law articulated by the Supreme Court; 2) decided them differently

than the Supreme Court on materially indistinguishable facts; or 3) applied the

governing law to the facts of appellant's case in an objectively unreasonable

manner. *Williams v. Taylor*, 529 U.S. 362, 405-06, 410 (2000).

Appellant argues that the state court's failure to give the jury a

lesser-included offense instruction on second degree murder violated his rights

to due process and cannot be considered harmless error in light of certain

comments made by defense counsel in closing argument.[3] The district court

---

[3] Counsel apparently argued that because a jury had found the evidence insufficient to convict appellant's co-defendant, who had admitted firing his gun at the deceased, the evidence against appellant, who denied firing a gun, was not sufficient to support a first degree murder conviction. Appellant's App. at 18 n.10.

disagreed with appellant's argument that these comments were tantamount to suggesting that appellant was guilty of second degree murder. Appellant's App. at 18 n.10. [4] It also held that the evidence was insufficient under Oklahoma law to support an instruction of second degree murder. *Id.* Further, and most importantly, the district court concluded, in accord with *Lujan v. Tansy*, 2 F.3d 1031, 1036 (10th Cir. 1993), that appellant could not demonstrate entitlement to habeas relief for the failure to give a lesser-included offense instruction even if the evidence were sufficient to warrant the instruction. Appellant's App. at 15. Appellant's arguments on appeal do not challenge the district court's ruling on this point and therefore do not demonstrate that the state court's decision denying habeas relief violated the standards set out in AEDPA.

Similarly, appellant contends that his trial counsel was ineffective for failing to request a lesser-included instruction on second degree murder. Noting that a second degree murder instruction would have been incompatible with appellant's innocence defense at trial, the district court determined that failing to request a lesser-included instruction was not ineffective assistance of counsel.

---

[4] We cannot review the district court's conclusion on this point because counsel has not provided us with a transcript of closing arguments on appeal, and has included only selected brief quotations in his brief. *See McGinnis v. Gustafson*, 978 F.2d 1199, 1200-01 (10th Cir. 1992) (failure to include transcript "raises an effective barrier to informed substantive appellate review"). We remind counsel of his duty to "file an appendix sufficient for considering and deciding the issues on appeal" 10th Cir. R. 30.1(A)(1).

Appellant's App. at 19-20. The court reiterated that the evidence did not support a second degree murder instruction and concluded that appellant had not demonstrated "prejudicial performance" by trial counsel. *Id.* at 20. Appellant's arguments on appeal again do not challenge this dispositive ruling; therefore, he has not demonstrated that the state court decision violated federal law as set out in § 2254(d)(1).

For substantially the same reasons set forth in the magistrate judge's Report and Recommendation dated November 20, 1999, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge