**UNITED STATES COURT OF APPEALS**

October 1, 2008

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KENNY TAYLOR,

    Defendant - Appellant.

No. 08-6102
(D.C. Nos. 97-CV-01821-R and
93-CR-00175-R-14)
(W.D. Okla.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

Defendant-Appellant Kenny Taylor, a federal inmate appearing pro se, seeks to appeal from the district court's order denying his Fed. R. Civ. P. 60(b) motion to set aside a 28 U.S.C. § 2255 judgment. The district court denied the motion as not having been "made within a reasonable time or within one year after the Court entered the order which is the subject of this motion." R. Doc. 918 at 4. We deny a certificate of appealability ("COA") and dismiss the appeal.

The parties are familiar with the facts and we need not restate them here. See United States v. Ivy, 83 F.3d 1266 (10th Cir. 1996), cert. denied, Taylor v. United States, 519 U.S. 901 (1996). After his direct appeal and the denial of certiorari, Mr. Taylor sought an extension of time to file a § 2255 motion, which

was denied on October 9, 1997. R. Docs. 621 & 627. He then filed a § 2255 motion on November 14, 1997. R. Doc 632. The district court denied the motion as untimely on December 3, 1997, R. Doc. 635, and again on February 26, 1998, upon reconsideration, R. Doc. 644. Mr. Taylor appealed, and in December 1998, we denied his request for a certificate of appealability and dismissed his appeal. United States v. Taylor, 166 F.3d 350 (table), 1998 WL 879863 (10th Cir. 1998) (No. 98-6187).

In seeking to appeal, Mr. Taylor argues that the district court erred (1) in dismissing his Rule 60(b) motion as untimely, and (2) in declining to apply retroactively the procedural rules announced in Day v. McDonough, 547 U.S. 198, 209 (2006) (holding that district courts are "permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition").

To obtain a certificate of appealability, Mr. Taylor must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To do so, Mr. Taylor must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Given that this motion was denied on procedural grounds, Mr. Taylor must make this showing concerning the underlying constitutional claim and the procedural ruling.

Spitznas v. Boone, 464 F.3d 1213, 1225 (10th Cir. 2006).  Mr. Taylor cannot make that showing as to the procedural ruling because the denial of the Rule 60(b) motion would be reviewed for an abuse of discretion.

In Gonzales v. Crosby, 545 U.S. 524 (2005), the Supreme Court held that Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances."  Id. at 528.  Under Rule 60(c), such a motion "must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c).  Moreover, under Rule 60(b)(6), a movant must show "extraordinary circumstances" to justify the reopening of his final judgment.  Gonzales, 545 U.S. at 535.  While Mr. Taylor referenced Rule 60(b)(4), which is plainly meritless in this case and was only raised on appeal, and Rule 60(b)(6) in his motion, the district court held that it was "immaterial" under which section Mr. Taylor brought his motion in light of his filing ten years after the district court issued its order on his § 2255 motion. R. Doc. 918 at 3.

In its denial, the district court did not determine whether Mr. Taylor's motion constitutes a "true" Rule 60(b) motion or a successive motion for § 2255 relief.  Because Mr. Taylor seeks to appeal on procedural grounds, we view his motion as a "true" Rule 60(b) motion.  See Spitznas, 464 F.3d at 1215-17.  Upon review of the record, and given that the substantive standard of review is abuse of

discretion, we do not think it reasonably debatable whether the district court erred by concluding that Mr. Taylor's motion was untimely after considering his nearly ten-year delay in filing the instant motion.

We DENY the motion for a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge