FILED
United States Court of Appeals
Tenth Circuit

April 13, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY R. THOMPSON,

      Petitioner – Appellant,

v.

RANDY WORKMAN, Warden, Oklahoma
State Penitentiary,

      Respondent - Appellee.

Nos. 09-6128 & 09-6267
(W.D. Okla.)
(D.C. No. 5:97-CV-00286-L)

**ORDER DENYING APPLICATION FOR
CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEALS**

Before **TACHA**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Gary R. Thompson, a state prisoner, filed a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The district court determined the motion was a "mixed motion," containing two "true" Rule 60(b) claims and a second or successive 28 U.S.C. § 2254 claim. *See Spitznas v. Boone*, 464 F.3d 1213, 1215, 1217 (10th Cir. 2006). The court denied the motion to the extent it contained true Rule 60(b) claims; it dismissed the second or successive 28 U.S.C. § 2254 claim for lack of jurisdiction. By a separate order, it also denied Thompson's subsequent request for a certificate of appealability (COA) and sundry motions. Thompson seeks to appeal from

these decisions.[1]  We deny a COA and dismiss these appeals.

## I.     BACKGROUND

In 1993, Thompson was charged in Oklahoma state court with discharge of a firearm with intent to kill (Count I) and first degree murder (Count II).  Both counts arose out of the 1991 murder of Alonzo Calloway.  Thompson's first jury trial resulted in an acquittal on Count I and a hung jury on Count II.  On retrial of Count II, Thompson was found guilty and sentenced to life imprisonment.  His conviction and sentence were affirmed on direct appeal by the Oklahoma Court of Criminal Appeals (OCCA).

A.     First Round of Federal Issues

In 1997, Thompson, represented by counsel, filed a § 2254 petition in federal district court alleging six grounds for relief: (1) prosecutorial misconduct, (2) insufficiency of the evidence, (3) denial of the right to a fair trial under *Batson*,[2] (4) improper jury instructions, (5) failure to give a second degree murder jury instruction, and (6) ineffective assistance of trial counsel.  The petition was referred to a magistrate judge who directed Workman[3] to file an answer.  In lieu of an answer, Workman filed a

---

[1] Appeal No. 09-6128 addresses the district court's resolution of his Rule 60(b) motion; Appeal No. 09-6267 addresses the court's denial of his request for a COA and his other motions.  While these appeals are not consolidated, they are being considered together because they arise out of the same district court proceeding.

[2] *Batson v. Kentucky*, 476 U.S. 79, 89 (1986) (holding equal protection clause prohibits the prosecution from using a preemptory challenge to strike a potential juror "solely on account of [his] race or on the assumption that black jurors as a group will be unable impartially to consider Workman's case against a black defendant").

[3] Respondent in this case is the warden of the Oklahoma State Penitentiary.  Ron Ward was initially named Respondent; in December 2008, Randy Workman became the

motion to dismiss the petition based on Thompson's failure to exhaust his claims in state court.  Thompson then filed a pro se motion to dismiss his petition without prejudice in order to allow him to return to state court to exhaust.  The magistrate judge recommended denial of Workman's motion to dismiss.  She also concluded Thompson had abandoned his first four claims by failing to present facts and argument in support of them.  Thompson did not object to the magistrate's recommendation other than to note he was represented by counsel.  He also filed another pro se motion to withdraw his § 2254 petition.

The district court adopted the magistrate's recommendation and denied Workman's motion to dismiss.  It also denied Thompson's first pro se motion to dismiss his habeas petition.  The magistrate judge later struck the second pro se motion because Thompson was represented by counsel.

Workman responded to the merits of the petition.  Thompson filed a motion for leave to amend his petition to reassert an insufficiency of the evidence claim, which the magistrate judge granted.  After reviewing the entire record, the magistrate recommended the petition be denied.  She determined: (1) the evidence was sufficient to support the first degree murder conviction; (2) the evidence did not support the giving of a second degree murder instruction and such instruction would have been incompatible with his defense of innocence as well as his testimony that he did not fire his gun; and (3) trial counsel was not constitutionally ineffective.  Therefore, the magistrate judge concluded

warden and was substituted as the named Respondent.  We will refer to the Respondent as Workman.

- 3 -

the OCCA's decision affirming Thompson's conviction was neither "contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined

by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), nor "based on an

unreasonable determination of the facts in light of the evidence presented in the State

court proceeding." 28 U.S.C. § 2254(d)(2). Thompson filed an objection, arguing the

magistrate's recommendation was contrary to law as demonstrated by his previously

raised arguments. Upon de novo review, the district court adopted the magistrate's

recommendation and denied the petition. Judgment was entered on March 7, 2000. We

granted a COA and affirmed. *See Thompson v. Ward*, 13 Fed. Appx. 782 (10th Cir.

2001) (unpublished).

B.    Second Round of Federal Issues

Over 7 years later, on January 22, 2009, Thompson, represented by new counsel,

filed a motion to vacate the March 7, 2000 judgment pursuant to Rule 60(b)(4)-(6) of the

Federal Rules of Civil Procedure.[4] He alleged the district court: (1) improperly denied

---

[4] Rule 60(b)(4)-(6) provides:

On motion and just terms, the court may relieve a party . . . from a final
judgment . . . for the following reasons:

. . . .

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an
earlier judgment that has been reversed or vacated; or applying it
prospectively is no longer equitable; or

(6) any other reason that justifies relief.

his pro se motion to dismiss/withdraw his § 2254 petition; (2) denied him due process of law by failing to address the merits of the four claims it erroneously determined had been abandoned; and (3) improperly rejected his ineffective assistance of counsel claim. Workman argued Thompson's Rule 60(b) motion constituted a second or successive § 2254 petition and therefore had to be transferred to this Court for the necessary authorization. *See* 28 U.S.C. § 2244(b)(3)(A).

The district court determined the first two claims constituted true Rule 60(b) claims but were nevertheless untimely. It concluded the last claim (ineffective assistance of counsel) was a second or successive § 2254 claim and dismissed it for lack of jurisdiction because Thompson had not received the requisite authorization from this Court prior to filing it. In doing so, it determined the interests of justice would not be served by transferring the claim to this Court.

Thompson responded by filing a notice of appeal (Appeal No. 09-6128). He then filed a 79-page application for a COA with the district court accompanied by a motion (1) for an order allowing limited discovery, (2) for an order directing enlargement of the record, (3) to amend and (4) for an evidentiary hearing. On the same day, he filed an application for a COA with this Court (in Appeal No. 09-6128). He has also refiled his sundry motions with this Court (also in Appeal No. 09-6128). Thereafter, the district court denied his request for a COA and his motions. With regard to the motions, the court determined it lacked jurisdiction to resolve them as the case was then on appeal; however, even if it had jurisdiction, it would deny the motions on the merits. Thompson filed a new notice of appeal from the court's denial of a COA and his motions (Appeal

No. 09-6267).[5] He did not request a COA in Appeal No. 09-6267 but filed an appellate brief.

## II.    DISCUSSION

A.    Rule 60(b) Claims

A COA is required to appeal from the denial of a true Rule 60(b) motion. *Spitznas*, 464 F.3d at 1218. We will issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The district court's treatment of the first two claims as true Rule 60(b) claims is not reasonably debatable because the claims challenge "a procedural ruling of the habeas

---

[5] Altogether Thompson had three appeals arising from the same underlying district court case—Appeal Nos. 09-6128, 09-6267 and 09-6273. He moved to consolidate the appeals and requested waiver of the filing fee for the third appeal. We determined Appeal No. 09-6273 was opened in error, closed that appeal and treated the notice of appeal used to open that appeal as an amended notice of appeal in Appeal No. 09-6267. We declined to consolidate 09-6128 and 09-6267 but informed the parties they would be considered together.

court which precluded a merits determination of the habeas application" or "a defect in the integrity of the federal habeas proceeding." *Spitznas*, 464 F.3d at 1216; *see also Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005). Nor is the court's denial of these claims reasonably debatable. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." *Gonzalez*, 545 U.S. at 528. "A motion under Rule 60(b)[(4)-(6)] must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1). Thompson did not file his Rule 60(b) motion until over 8 years after the district court's judgment and over 7 years after our decision affirming the denial of his § 2254 petition. Thompson does not explain the delay. Permitting his untimely filing would not be reasonable on this record.[6] *See West v. Champion*, No. 09-7090, 2010 WL 358126, at *4 (10th Cir. Feb. 2, 2010) (unpublished) (Rule 60(b) motion filed more than 8 years after the district court's judgment is not filed "within a reasonable time" under Rule 60(c)(1)); *see also United States v. Taylor*, 295 Fed. Appx. 268, 270 (2008) (unpublished) (10-year delay not reasonable).[7]

We deny Thompson's request for a COA in Appeal No. 09-6128 on the district court's denial of the true Rule 60(b) claims.

---

[6] The district court also summarily, but properly, determined the true Rule 60(b) claims lacked merit.

[7] Unpublished decisions are not binding precedent. 10th Cir. R. 32.1(A). We mention *West*, *Taylor*, and the other unpublished decisions cited herein as we would any other non-precedential authority.

B.     Second or Successive Claim

Thompson must also obtain a COA to appeal from the district court's dismissal of his unauthorized § 2254 claim.  S*ee United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (discussing the COA requirement for an unauthorized 28 U.S.C. § 2255 motion); *see also McKnight v. Dinwiddie*, No. 09-5152, 2010 WL 257285, at *1 (10th Cir. Jan. 25, 2010) (unpublished) (§ 2254 petition).  He has failed to make the requisite showing.

The district court's decision to construe his ineffective assistance of counsel claim as a second or successive claim is not reasonably debatable.  A Rule 60(b) claim is a second or successive § 2254 claim "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215 (stating an example of a Rule 60(b) claim which should be treated as a second or successive § 2254 claim is a claim "seeking vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of that claim") (quotations omitted); *see also Gonzalez*, 545 U.S. at 538 (a second or successive claim is one which asserts or reasserts a claim of error in the petitioner's state court conviction).  An ineffective assistance of counsel claim constitutes a federal basis for relief from an underlying state court conviction.  In the first round of habeas review, the district court considered and decided Thompson's ineffective assistance of counsel claim on the merits.  This latest attempt to resurrect it is a second or successive claim.

The court's dismissal of the ineffective assistance of counsel claim for lack of jurisdiction is not reasonably debatable.  A state prisoner must receive authorization from

this Court prior to filing a second or successive § 2254 petition.  *See* 28 U.S.C. § 2244(b)(3)(A).  "A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until this court has granted the required authorization."  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).  "When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so . . . or it may dismiss the motion or petition for lack of jurisdiction."  *Id.* at 1252.  Among the factors relevant in determining whether a transfer is in the interest of justice include "whether the claims alleged are likely to have merit."  *Id.* at 1251.

Thompson did not receive authorization from this Court prior to filing the ineffective assistance of counsel claim.  Therefore, the district court lacked jurisdiction over it.  The court also properly exercised its discretion in dismissing the claim for want of jurisdiction rather than transferring it to this Court because the claim is clearly without merit.  *See id.* at 1252 ("Where there is no risk that a meritorious successive claim will be lost absent a . . . transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization.").  As the district court concluded, trial counsel was not ineffective for failing to request a second degree murder instruction as such instruction would have been inconsistent with Thompson's defense and the evidence did not warrant such instruction.

We deny Thompson's request for a COA in Appeal No. 09-6128 on the district court's dismissal of the ineffective assistance of counsel claim (second or successive §

2254 claim) for lack of jurisdiction.

Thompson also filed a notice of appeal from the district court's denial of a COA and his sundry motions. Filing a notice of appeal from the court's denial of a COA was unnecessary; he simply needed to request a COA from this Court, which he did in Appeal No. 09-6128. *See* Fed. R. App. P. 22(b)(1) ("If the district judge has denied the certificate, the applicant may request a circuit judge to issue it."). The district court also properly denied his motions for lack of jurisdiction as the case was already on appeal. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."); *see also Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) (in general, the timely filing of a notice of appeal transfers the matter from the district court to the court of appeals, divesting the district court of jurisdiction and rendering any subsequent action by the court null and void).[8]

---

[8] There are exceptions to the rule. "In collateral matters not involved in the appeal . . . the district court retains jurisdiction. Thus, when an interlocutory appeal is taken, the district court retains jurisdiction to proceed with matters not involved in that appeal." *Garcia*, 818 F.2d at 721 (citations omitted). For example, even after a timely notice of appeal is filed, a district court retains jurisdiction to determine a motion for attorneys' fees. *Id.* The motions involved here do not pertain to collateral matters.

- 10 -

We **DENY** a COA and **DISMISS** these appeals.  Thompson's motions filed in Appeal No. 09-6128 (Motion to Amend, Motion for Order Allowing Limited Discovery, Motion for Order Directing Enlargement of Record, Amended Motion to Amend and Motion to Direct District Court to Conduct Evidentiary Hearing) are **DENIED**. Appellant's motion for leave to file a supplemental brief and appendix is **DENIED** as moot.

<div style="margin-left: 40%">

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

</div>